UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| JIMMY DALE ADKINS, | ) | | |
|---|---|---|---|
| Plaintiff, | ) ) ) | | |
| v. | ) | No.: | 4:19-CV-54-DCLC-CHS |
| EDDIE CARTER and JARRED CAMPBELL, | ) ) ) ) | | |
| Defendants. | ) ) | | |

# MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On August 21, 2019, the Court entered an order providing that Plaintiff would have 30 days from the date of entry of the order to either pay the filing fee or submit the documents necessary to proceed *in forma pauperis* in this action [Doc. 6]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 1]. On September 20, 2019, the Court's order was returned to the Court as "Undeliverable," with a notation that Plaintiff had been released from custody [Doc. 7]. On the same date, the Clerk re-mailed a copy of the Court's order to the alternative address listed on Plaintiff's complaint [*Id.*]. To date, Plaintiff has not responded to the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. The Court's order was returned to the Court as undeliverable due to Plaintiff's failure to keep his address updated [*See* Doc. 7].

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court attempted to warn Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 6]. Plaintiff has filed several actions in this Court and is familiar with the Court's requirements that he keep his address updated and comply with the Court's orders. *See Adkins v. Burnette*, No. 1:16-CV-42-PLR-SKL; *Adkins v. Harville*, No. 3:17-CV-409-JRG-CCS, and *Adkins v. Carter*, No. 4:18-CV-7-TWP-SKL.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff is a pro se prisoner who has not pursued this case since filing the initial complaint.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED:**

                                                s/Clifton L. Corker
                                                **United States District Judge**